

U.S. Department of Justice

United States Attorney

*District of Columbia*

---

Judiciary Center
555 Fourth St. N W
Washington, D.C. 20001

October 22, 2007

**FILED**

NOV 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

<u>VIA FACSIMILE</u>
David Bos, Esq.   William B. Purpura
625 Indiana Avenue, N.W., Suite 550   8 E. Mulberry St
Washington, D.C. 20004   Balt'md 21202

Re:   <u>Lester Revel Simpson</u>
CR 07-286

Dear Mr. Bos: Purpura

    This letter sets forth the full and complete plea offer to your client, Mr. Simpson. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. <u>This plea offer will expire on October 23, 2007 at 5:00p.m.</u> Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

    1. **Charges:** Mr. Simpson agrees to waive Indictment and to plead guilty to a one-count information charging a violation of Title 18, United States Code, Section 18 U.S.C. Section 1029(a)(2) (fraud in connection with access devices). It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Mr. Simpson and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. Mr. Simpson agrees that the attached "Statement of the Offense" fairly and accurately describes Mr. Simpson's actions and involvement in the fraud scheme. It is anticipated that during the Rule 11 plea hearing, Mr. Simpson will adopt and sign the Statement of the Offense as a written proffer of evidence.

    2. **Potential penalties, assessments, and restitution**: Mr. Simpson understands that the maximum sentence that can be imposed is ten years imprisonment, a fine of $ $250,000 or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence, Mr. Simpson understands that the Court will impose sentence after considering the applicable provisions of the United States Sentencing Guidelines Commission, <u>Guidelines Manual</u> (2006) (hereinafter "Sentencing Guidelines") and the factors set forth at 18 U.S.C. § 3553. Mr. Simpson understands that this sentence, including the applicable sentencing guideline range, will be determined solely by the Court, and the government cannot and does not make any promises, representations or predictions regarding what sentence the Court will impose. Mr. Simpson further understands that if the Court imposes a sentence greater than that provided in the Sentencing Guidelines range as determined by the Court, or which is in any other way unsatisfactory to him, he

cannot withdraw his guilty plea. This does not, however, limit Mr. Simpson's right to appeal an unlawful sentence.

    3. **Federal Sentencing Guidelines:** The parties agree that the following Guideline Sections apply:

Section 2B1.1

| | |
|---|---|
| (a) Base Offense Level | 6 |
| (b) Specific Offense Characteristics | 6 |
|     (1)(D) Loss more than $30,000 | |
|     (2)(B) More than 50 victims | 4 |
|     (10)(A)(I) Device Making equipment | 2 |
| TOTAL OFFENSE LEVEL | 18 |

Mr. Simpson agrees not to seek any decreases in his base offense level other than the three-level reduction for acceptance of responsibility as stated in paragraph 9. He further agrees not to seek a downward departure for any reason from the otherwise applicable guideline range established by the Sentencing Guidelines. In the event that this plea offer is either not accepted or is accepted and subsequently withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

    4. **Financial Arrangements:** Mr. Simpson agrees that prior to or at the time of the sentencing, he will deliver to the Clerk's Office, United States District Court, a certified check in the amount of $100.00, to cover the special assessment, as required in Title 18, United States Code, Section 3013, and to pay restitution of $40,258 to the financial institutions victimized by Mr. Simpson's illegal activity. Mr. Simpson also agrees to provide a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

    5. **Forfeiture:** Mr. Simpson agrees, pursuant to 18 U.S.C. § 982(a), to the criminal forfeiture of his interest in the property seized by the government from his residence during the execution of the search warrant on November 9. 2004, as property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of fraud in connection with access devices and/or property used, or intended to be used, to commit, or promote fraud in connection with access devices. In order to effectuate the forfeiture, Mr. Simpson agrees to the entry of a consent decree of forfeiture, a copy of which is attached to this Plea Agreement. Further, Mr. Simpson agrees not to contest the administrative forfeiture or disposition of the aforementioned property if such administrative forfeiture or other disposition proceedings are initiated by a law enforcement agency.

    6. **Reservation of Allocution:** The United States reserves its full right of allocution for purposes of sentencing and post-sentencing in this matter, including the right to set forth at

sentencing and any proceeding(s) before the Bureau of Prisons all of its evidence with respect to the Mr. Simpson's criminal activities. In addition, Mr. Simpson acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

7. The United States reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement.

8. If in this plea agreement the Government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the Government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

9. **Government Concessions:** In exchange for his guilty plea, the government agrees not to oppose Mr. Simpson's release pending sentencing, agrees not to oppose a 3-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, agrees not to oppose Mr. Simpson's voluntary surrender to commence serving any sentence which is imposed, provided that Mr. Simpson continues to show his acceptance of responsibility by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for his release by the Court. Also, subject to other paragraphs in this agreement, the United States will not bring any additional criminal charges against Mr. Simpson in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the access fraud outlined in the attached Statement of Offense. This agreement not to prosecute Mr. Simpson does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. §16 and D.C. § 23-1331(4). It is understood that the United States has no evidence, as of the date of this agreement, of any crimes of violence involving Mr. Simpson.

10. **Court is not bound:** Mr. Simpson understands that the Court is not obligated to follow any recommendation of the government at the time of sentencing and that the final decision regarding his bond status or detention will be made by the Court at the time of his plea of guilty. The Court's decision in these regards are not grounds for withdrawal from this agreement.

11. **Breach of Agreement:** Mr. Simpson agrees that if he fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, or attempts to withdraw the plea, the United States will have the right to characterize such conduct as a breach of this plea agreement. In the event of such a breach, (a) the United States will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Mr. Simpson's release (for example, should your client commit any conduct after the date of this agreement that would form the basis for

3

an increase in your client's offense level or justify an upward departure - examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court - the Government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Mr. Simpson will not have the right to withdraw the guilty plea; (c) Mr. Simpson shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against Mr. Simpson, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by him pursuant to this agreement.

12. Any such prosecutions of the defendant not time-barred by the applicable statute of limitations on the date of the signing of this agreement may be commenced against the defendant in accordance with this paragraph, notwithstanding the running of the applicable statute of limitations before the commencement of such prosecutions. Mr. Simpson knowingly and voluntarily agrees to waive any and all defenses based on the statute of limitations for any prosecutions commenced pursuant to the provisions of this paragraph.

13. **USAO's Criminal Division Bound**: Mr. Simpson understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office, any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Mr. Simpson.

14. **Complete Agreement:** No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mr. Simpson, Mr. Simpson's counsel and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Mr. Simpson may indicate his assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Mr. Simpson and his counsel.

Sincerely yours,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By:  _____
SUSAN B. MENZER
Assistant United States Attorney

I have read this plea agreement and have discussed it with my attorney, David Bos, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 10-25-07                     _____
                                    Lester Revel Simpson
                                    Defendant

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 10/25/07                     _____
                                    ~~David Bos, Esquire~~ William B. Purpura
                                    Attorney for the Defendant  Christopher J. Purpura

5