UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. CR-07-286-01 |
| LESTER R. SIMPSON | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## SENTENCING MEMORANDUM

Defendant Lester Revel Simpson (hereafter "Mr. Simpson"), by and through his undersigned counsel, respectfully submits the following Memorandum in Aid of Sentencing. Mr. Simpson will come before the Court on March 5, 2008, for sentencing. He has accepted responsibility for his actions and plead guilty to Count One which charges Access Device Fraud 18 USC 1029(a)(2).

## OBJECTIONS/CORRECTIONS TO THE PRESENTENCE REPORT

Mr. Simpson and counsel have reviewed the final Presentence Report ("PSR") prepared by U.S.Probation Officer Renee Moses-Gregory and have noted no substantive objections.

## SECTION 3553(a) FACTORS

**History of the case:**

<u>Mr. Simpson's background and character</u>

Mr. Simpson is forty-six years old and single. He has two adult children and one grandchild living in his household. His son Lester Jr. nineteen (19), who is a high school graduate employed full-time at UPS and his infant son. His daughter Brittney twenty (20) who attends University of the District of Columbia and works part-time at Uno's Pizzeria, also resides

1

with Mr. Simpson. Mr. Simpson continues to financially aid these adult children as well as his eleven year old daughter Danielle Simpson who resides with her mother in Baltimore.

Mr. Simpson left school in the tenth grade and is barely literate. He is skilled as a mason and a brick layer. As noted in the PSR, his most recent employer described him as "quiet, dependable, and a nice worker." He also noted that his performance in masonry jobs is exemplary.

## Instant Offense:

Mr. Simpson has by way of a guilty plea acknowledged his wrong doing in possessing and distributing credit cards that were unlawfully obtained by other individuals. As set fourth in paragraphs 7, 8, and 9 of the PSR, the scheme was sophisticated in that a trap device was used in a gas station in Boyton Beach Florida which captured victims account information as they purchased gas. This information was obtained by Francis and Michele Fletcher through the internet and used to create phony credit cards. The Fletcher's were prosecuted in the District of Maryland under case number RDB-03-CR-00329. Mr. Simpson was a friend of the Fletcher's and soon became a customer purchasing these cards to sell and acquire goods. The list of names and account numbers that were seized from Mr. Simpson's home came from the Fletcher's computer, Mr. Simpson is computer illiterate. After the Fletchers' arrest in the District of Maryland, the computer was used by Mr. Simpson's daughter for school work. In the overall scheme Mr. Simpson's actions and knowledge was minimal. The government has correctly set fourth Mr. Simpson's actual involvement with a loss of more then $30,000 and Mr. Simpson admits and is regretful for his culpability.

**The Legal Standard**

As this Court is well aware, the Supreme Court recently decided, in *United States* v. *Booker,* 543 U.S. 220 (2005), that the Federal Sentencing Guidelines are advisory provisions that recommend a particular sentencing range, rather than require it.  A sentencing judge must "consider Guideline ranges" but "tailor the sentence in light of other statutory concerns as well," particularly those set fourth at 18 U.S.C. 3553(a).  (*See* Booker, 125 S. Ct. at 757.)

> In the wake of Booker…the discretion of a sentencing court is no longer bound by the range prescribed by the guidelines;  Consistent with the scheme set fourth in Booker, a district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines; Then, the court shall consider that range as well as other relevant factors set fourth in the guidelines and those factors set forth in section 3553(a) before imposing the sentence; and If the court imposes a sentence outside the guideline range, it should explain its reasons for doing so.

*United States v. Hughes*, 401 F.3d 540, 546 (4th Cir.2005) (finding plain error in a sentencing and remanding to the district court for resentencing).  Moreover, in light of the excision of section 3742(e) by the Supreme Court, a sentence will be affirmed "as long as it is within the statutorily prescribed range…and is reasonable." Id. (citations omitted).

>  "It is not enough for us to say that the sentence imposed… is reasonable … The determination of reasonableness depends not only on an evaluation of the actual sentence imposed but also on the method employed in determining it.  Moreover, declining to notice the error on the basis that the sentence actually imposed is reasonable would be tantamount to performing the sentencing function ourselves." Id. At 556 n.14.

Under 18 U.S.C. 3553(a), the court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)."  The sentence requested in this case, a split sentence or home detention is appropriate, reasonable and complies with the purposes set forth in 3553(a)(2).

3

**Guidelines Analysis**

There is no objection to the final guideline analysis in the PSR.

**Statutory Analysis**

Under 18 U.S.C. 3553(a), there are seven factors to be considered in imposing a sentence. We briefly address all seven here. In considering these seven factors and in imposing a sentence based upon them, Congress has directed that "[the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.". 18 U.S.C. 3553(a). The relevant statutory factors will be addressed in order.

1. <u>The nature and circumstances of the offense and the history and characteristics of the defendant</u>.

Both of these concerns have been addressed above. Despite Mr. Simpson's limited intellectual capacity he clearly understood that his conduct was wrong.

2(a). <u>The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense</u>.

Mr. Simpson has already been punished profoundly for his crime. From the inception of the investigation in 2004, through charges being brought in the State Court of Maryland, Montgomery County, through preindictment and postindictment in the Federal Court for the District of Columbia these charges and the threat of prison have hung over him like the sword of Damocles'. As set out in p[paragraph 39 of the PSR these fraud charges were first brought against Mr. Simpson in Montgomery County District Court on November 11, 2004. After retaining counsel and appearing in court on December 10, 2004 a Nolle Prosequi was entered as to all charges. Mr. Simpson learned at that time that he was then facing federal charges in the District of Columbia.

4

2 (B). <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct</u>.

Base on Mr. Simpson's age and his Criminal History I finding, it can not be seriously believed that Mr. Simpson presents a risk of recidivism. He has met all the conditions of pretrial release, maintained employment and continues to offer a home to his children and grandchild. Although not an excuse his participation in the crime was characterized by his reliance on people he trusted, Francis and Michele Fletcher.

2 (C). <u>The need for the sentence imposed to protect the public from further crimes of the defendant</u>.

Simply put, there is no indication that this defendant will ever commit another crime. A sentence within the calculated guideline range 12 months to 18 months or a sentence which would allow a split sentence or home detention would protect the public.

2 (D). <u>The need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner</u>.

A split sentence or a sentence of home detention would allow Mr. Simpson to continue to work and allow him to continue to help support his family. There is no indication that Mr. Simpson needs any of the services within the Bureau of Prisons, if incarcerated he will simply be warehoused.

(3). <u>The kinds of sentences available</u>.

In his present sentencing range of Offense Level 13 Criminal History I incarceration would be the only sentence available. The Court finding the appropriate 3553 factors could

5

fashion a sentence below a base offense level of 13 allowing for consideration of a split sentence or home detention.

    (4). <u>The kinds of sentences and the sentencing range established for</u>-

As calculated by U.S. Probation and without objection by the government and defense the guideline calculation is a level 13, Criminal History I.  This results in a sentencing range from 12 months to 18 months.

    (5). <u>any pertinent policy statement</u>- None

    (6). <u>the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct</u>.

Counsel is unaware of anyone else who was prosecuted by the State or Federal Government in a similar position to Mr. Simpson.  Clearly the Fletchers as the leader's organizers of this scheme deserved a much greater punishment.

## CONCLUSION

Although Mr. Simpson cannot turn back the clock, he is a person of good character who continues to make amends for his conduct in this fraud.  After *Booker*, the Court has even greater authority to impose a sentence that best fits the circumstances of the crime and the defendant.  The defense respectfully requests that the Court impose a sentence of Home Detention or a Split Sentence.

                                              Respectfully submitted,

Date 2/26/2007                                            /s/

                                              _____
                                              William B. Purpura
                                              8 E. Mulberry Street
                                              Baltimore, Maryland 21202
                                              410.727.8550

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of February 2008, a copy of the foregoing Sentencing Memorandum was mailed to Susan Beth Menzer , Assistant United States Attorney, 554 4th Street, NW Washington, DC 20530 (via ECF); Renee Moses-Gregory, United States Probation (via email).

/s/
_____
William B. Purpura