**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No. 07-286 (HHK)** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **LESTER REVEL SIMPSON,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, submits the following memorandum in aid of sentencing for the above-caption case. For the reasons stated herein, the government requests the Court to impose a sentence that includes a period of incarceration within the applicable United States Sentencing Commission Guideline range of 12 to 18 months, an order of restitution in the amount of $40,258 and an order of forfeiture for all the property previously seized from defendant's residence in November 2004.

I.    **FACTUAL BACKGROUND**

During the plea proceedings, defendant agreed with the Statement of Offense submitted to the Court by the government, which has been incorporated into the Presentence Investigation Report ("PSR"). See PSR at ¶¶ 6-10. In summary, from July 31, 2004 through November 8, 2004, defendant purchased or assisted others in purchasing at least $40,258 in merchandise from local department and home improvement stores with stolen credit and debit account numbers. Defendant Simpson and his cohorts purchased clothing, appliances, electronic equipment (computers, televisions, DVD players, cameras) and home improvement items, such as ceiling fans, lighting, wood flooring, and tools.

In his sentencing memorandum, defendant Simpson attempts to minimize his conduct by shifting the blame to Michele and Francis Fletcher from whom he obtained the stolen debit and credit account numbers. See Defendant's Sentencing Memorandum at 5 ("Although not an excuse his participation in the crime was characterized by his reliance on people he trusted, Francis and Michele Fletcher."). Yet, defendant Simpson's criminal conduct occurred after June 2004 when Michele and Francis Fletcher agreed to plead guilty to bank and credit card fraud in the United States District Court for the District of Maryland. See Docket Statement for United States v. Michele and Francis Fletcher, Cr. 03-0329 (RDB).

Defendant Simpson was not misled. He knowingly and intentionally participated in this credit card fraud scheme, which he knew could result in serious consequences. He knew that, in April 2003, Michele and Francis Fletcher were arrested in Montgomery County, Maryland at a Target Superstore for attempting to buy three $400 DVD players with a counterfeit Visa card. He knew that the Montgomery County police department subsequently obtained a warrant to search the Fletchers' seven bedroom Maryland residence. Defendant Simpson further knew that Michele and Francis Fletcher, even though they had been indicted by a federal grand jury in Maryland, continued to shop on other people's credit. Indeed, defendant Simpson was one of the first people to visit Francis Fletcher in Arlington County jail after he and Michele Fletcher were arrested for attempting to purchase several plasma screen televisions with stolen account information. See Exhibit 1 (redacted defendant's personal information). After this December 29, 2003 visit by defendant Simpson, but before law enforcement could obtain a second search warrant, defendant Simpson was seen with others removing items from the Fletcher's residence. In fact, defendant Simpson, in his sentencing memorandum, admitted possessing a computer that

had previously belonged to Michele and Francis Fletcher.

Not only did he commit these serious offenses, he encouraged others to steal. Surveillance photographs and videos from Hecht's Department Store and eyewitnesses confirm that defendant Simpson brought other individuals, most of whom appear considerably younger than him, on his illegal shopping sprees. These individuals also made purchases with credit cards that contained stolen account information. Cameras outside the stores also captured images of defendant Simpson and others as they drove away together in defendant Simpson's vehicle. On at least two occasions, Hecht's security personnel followed defendant Simpson and the others to defendant Simpson's residence.

II.    **SENTENCING RECOMMENDATION**

A.    Sentencing Guidelines

Both parties agreed to the Guideline's calculations utilized in the PSR, which correctly calculated defendant Simpson's total, adjusted, offense level at 13. See PSR at ¶¶ 15-26. This includes the base offense level of 6 pursuant to U.S.S.G. Section 2B1.1(a)(1) and a four-level enhancement for "loss" of more than $30,000 pursuant to U.S.S.G. Section 2B1.1(b)(1)(D). There is an additional four-level enhancement because the instant offense involved more than 50 victims pursuant to U.S.S.G. Section 2B1.1(b)(2)(B). Two more levels are added pursuant to U.S.S.G. Section 2B1.1(b)(10)(A)(I) for defendant Simpson's possession or use of device making equipment, namely an encoder and a credit card laminating machine.

Pursuant to the plea agreement, the government agreed not to oppose a three point reduction for acceptance of responsibility which yields a total offense of 13. The PSR also has correctly calculated defendant Simpson's criminal history as Category I. See PSR at ¶¶ 27-34.

Offense level 13, with criminal history category of I results in a sentencing range of 12 to 18 months.  See PSR at ¶ 72.  The statutory maximum for access device fraud is ten years.

B.    Sentencing Factors Under 18 U.S.C. Section 3553

As the Court is well aware, the recommended sentence set forth in the Sentencing Guidelines is but one factor this Court should consider in determining an appropriate sentence. The Cour should also consider the factors set forth in 18 U.S.C. Section 3553.[1]  As set forth below, these additional considerations do not provide a basis in this case for a sentence other than that recommended by the Sentencing Commission.

A 12 to 18 month period of incarceration is appropriate given the nature and circumstances of the crime defendant committed.  Even if the Fletchers conceived of the crime, defendant's conduct was purposeful and resulted in the victimization of dozens of individuals and financial institutions.[2]  Indeed, if defendant had not been caught, it is more than likely that he would have continued using other people's account information to fund his shopping sprees and encouraged others to similarly participate.

---

[1] Section 3553(a) factors include:(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the offense as set forth in Guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

[2] Based upon an agreed upon loss of $183,895, Michele and Francis Fletcher were sentenced to terms of imprisonment of 48 months and 63 months, respectively.  They were also ordered to pay restitution and forfeit all the property seized by the government.

In addition to the financial loss caused by defendant's conduct, those individual cardholders victimized by identity theft suffer intangible loss. They feel violated. As one of Simpson's victims explained: "I feel Simpson invaded our privacy and still have a hard time using our card without thinking of this in[ci]dent." See Government Exhibit 2. Even though financial institutions customarily cover the loss caused by the misuse of credit cards, individuals whose credit has been compromised must spend countless hours repairing their credit. As Mr. Robert Sullivan explained in his victim impact statement:

> At the time the theft occurred, it caused great embarrassment and inconvenience to both me and my wife. It prevented us from being able to make credit card purchases and required a great deal of time and effort on our part to resolve the fraudulent purchases with the credit card company.

See Government Exhibit 3. Mr. Sullivan and his wife realized the hard way "just how fragile [their] financial integrity is." Id. After being victimized by defendant Simpson's criminal conduct, Mr. Sullivan is "concerned more about identity theft and fraud than . . . a random or targeted act of violence or violent crime." As he poignantly observed, "[t]he effect of this type of crime can have on a person can last for months to years as [he/she] try to rebuild [their] own financial integrity." Id.

Second, defendant's history and characteristics suggests that a sentence higher than the Guideline range is warranted. Defendant is a criminal history I under the Guidelines even though he has been in and out of the criminal justice system in Washington, D.C. and Maryland since he was 19 years old. See PSR at ¶¶ 28-40. He has been arrested numerous times for various property, drug, gun and driving related offenses. Yet, it appears that he pled guilty to lesser offenses and was never sentenced to a term of imprisonment. Instead, he was treated lightly and

placed on probation.  Imposing a split sentence or placing him in home detention in this case will again send the wrong message to this defendant.  He needs to be incarcerated for a minimum of 12 months.

At age 47, defendant has no serious physical, mental or emotional conditions.  From his own description, defendant was reared in a stable environment.  Although his parents did not reside together, he maintained a relationship with his father.  Defendant's two adult children live with him and are employed.  Defendant has maintained steady employment and is financially sound.  He owns his home with a friend.  Since there is no mortgage on the property, Probation Officer Moses-Gregory estimated that defendant's equity share is $281,250.  He also owns two certificates of deposit totaling $16,402.

A sentence of imprisonment is also required to reflect the seriousness of the offense defendant committed, promote respect for the law and provide just punishment, and at the same time, "afford adequate deterrence to [future] criminal conduct."  See § 3553(a)(2)(A) & (B).  Deterrence and respect for the law are both lacking where the sole punishment for stealing - only if and when it is detected - is disgorgement of the money.  A stronger message needs to be sent to defendant and others that such conduct will not be tolerated and those who whose to commit like crimes would be sentenced harshly.  As another victim stated in his impact statement: "To give Mr. Simpson a light sentence would be giving him and his associates a green light to continue in his illegal endeavors."  See Government Exhibit 4.

Finally, a sentence within the applicable Guideline range will promote uniformity in sentencing.  It is clear from the explicit language of Section 3553 that the framers both endorse and respect the ranges set by and the policy statements made by the Sentencing Commission,

which in these circumstances recommends imprisonment. The converse is also true: the Guidelines explicitly recognizes Section 3553 as its linchpin, setting forth in its preamble its reliable on the statute and calling out each and every factor ser forth therein. As the Court is aware, the offense level for cases involving access device fraud is driven by the amount of loss caused by a defendant's criminal activity. A guideline sentence is consistent with sentences other defendants with similar criminal records who have been convicted of similar conduct. Defendant can articulate no compelling fact or circumstance that justifies a sentence lower than similarly situated offenders.

## III.   **CONCLUSION**

For the reasons set forth herein, the Government believes a sentence within the applicable guideline range of 12 to 18 months is necessary, reasonable and appropriate in this case.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
for the District of Columbia
D.C. Bar Number 498610


By:    _____/s/_____
SUSAN B. MENZER
Assistant United States Attorney
D.C. Bar # 421007
United States Attorneys Office
Fraud and Public Corruption Section
555 4th Street, N.W.
Washington, D.C.  20530
(202) 514-6968

7

# GOVERNMENT EXHIBIT 1



# GOVERNMENT EXHIBIT 2

## VICTIM IMPACT STATEMENT
## FRAUD AND PUBLIC CORRUPTION

**Please complete the following**:

Your Name: Dick W & Janet Graham

Defendant's Name: Lester Simpson

Case #: 07-286 (HHK)

Relationship: Non

Sentencing Date: February 22, 2008 at 9:45am

To the Honorable Henry H. Kennedy _____ : Judge's Name

*If you do not wish to make a statement regarding this offense, please sign and date here and send us this form in the self addressed, stamped envelope.*

_____        _____
**Signature**                              **Date**

{You can use this form as a guide or write your statement in letter form to the Judge. Please include the identifying information listed above. Consider the following:}

How has this crime affected you and those close to you?

Our privacy was invaded

Has this crime affected your ability to perform your work, make a living, run a household, go to school, or enjoy any other activities you previously performed or enjoyed; if so, how?

If you wish, you may use this space to tell the Judge whatever you would like him/her to know about how it is to be a victim of a crime; or any other information you would like to share.

When I received a call from a really nice lady at the Master Card business office I couldn't believe my ears. She said have you been to Washington, or Maryland, I laughed and said "yea right we are ranchers". She said I knew you didn't make these purchases cause you don't use your card that much. I then knew she was serious. I said thanks for watching out for us and would change my number right away. When I hung up the phone I was mad how did Someone way out there get our number here in Wyoming. I feel Simpson invaded our privacy and still have a hard time using our card without thinking of this insodent.

Do you have any reactions, feelings toward the criminal justice system; if so, explain?

Why has it taken ↜years to bring this to a trial

Do you have a recommendation for sentencing?

**FINANCIAL IMPACT**:

We know this extremely stressful period of your life cannot be compensated monetarily, however, you may want the Judge to know what costs you have incurred for restitution purposes. Please provide any documentation/verification of those losses in forms of receipts, cancelled checks, insurance claims, etc.

A. **Monetary Loss**:

      1. Value of property lost or destroyed (list items)......................_____

      _____

      _____

      2. Lost income or wages............................................................._____

      3. Miscellaneous expenses (childcare, transportation to court)..._____

      _____

**TOTAL LOSS**................................................................................._____

B.      **Reimbursement received by collateral private sources:**

      1. Insurance (contact info, name of insurance co.)...................._____

      2. Reimbursed Income or Wages.............................................._____

      3. Other (list source and amount, ie Crime Victims Compensation)...._____

**TOTAL REIMBURSEMENT**................................................................._____

_____        _____

**Signature**                                  **Date**

# GOVERNMENT EXHIBIT 3

## VICTIM IMPACT STATEMENT
## FRAUD AND PUBLIC CORRUPTION

### Please complete the following:

Your Name: Robert Sullivan

Defendant's Name: Lester R. Simpson

Case #: 07 - 286 (HHK)

Relationship: Victim

Sentencing Date: Feb 22, 2008

To the Honorable Henry H. Kennedy : Judge's Name

*If you do not wish to make a statement regarding this offense, please sign and date here and send us this form in the self addressed, stamped envelope.*

**Signature**                        **Date**

{You can use this form as a guide or write your statement in letter form to the Judge. Please include the identifying information listed above. Consider the following:}

How has this crime affected you and those close to you?

At the time the theft occurred, it caused great embarrassment and inconvenience to both me and my wife. It prevented us from being able to make credit card purchases and required a great deal of time and effort on our part to resolve the fraudulent purchases with the credit card company.

Has this crime affected your ability to perform your work, make a living, run a household, go to school, or enjoy any other activities you previously performed or enjoyed; if so, how?

If you wish, you may use this space to tell the Judge whatever you would like him/her to know about how it is to be a victim of a crime; or any other information you would like to share.

It is not until you have become a victim of theft or identity fraud that a person realizes just how fragile our personal financial integrity is. Even though this was not a violent crime, I am concerned more about identity theft and fraud than I am about a random or targeted act of violence or violent crime. The effect this type of crime can have on a person can last for months to years as you try to rebuild your own financial integrity -

Do you have any reactions, feelings toward the criminal justice system; if so, explain?

Do you have a recommendation for sentencing?

I wish the court would allow me to personally handle administering the punishment, but I know that is not possible. As such, I would recommend this individual, Lester Simpson, be sentenced to no less than 5 years incarceration. In addition, Simpson should be put on 10 years probation after release. After his release he should be required to work at least 20 hours per week at local soup kitchens and homeless shelters. This work should continue for at minimum 4 years after release.

**FINANCIAL IMPACT**:

We know this extremely stressful period of your life cannot be compensated monetarily, however, you may want the Judge to know what costs you have incurred for restitution purposes. Please provide any documentation/verification of those losses in forms of receipts, cancelled checks, insurance claims, etc.

A. **Monetary Loss**:

    1. Value of property lost or destroyed (list items)....................._____

    _____

    _____

    2. Lost income or wages............................................................._____

    3. Miscellaneous expenses (childcare, transportation to court)..._____

    _____

**TOTAL LOSS**.................................................................................._____

B.    **Reimbursement received by collateral private sources:**

    1. Insurance (contact info, name of insurance co.)....................._____

    2. Reimbursed Income or Wages.............................................._____

    3. Other (list source and amount, ie Crime Victims Compensation)...._____

**TOTAL REIMBURSEMENT**..............................................................._____

_____       _____

**Signature**                    **Date**

# GOVERNMENT EXHIBIT 4

## VICTIM IMPACT STATEMENT
## FRAUD AND PUBLIC CORRUPTION

**Please complete the following:**

Your Name:               *Norman P. Kovelman*

Defendant's Name:        *Lester Simpson*

Case #:                  *07-286 (HHK)*

Relationship:            *Victim*

Sentencing Date:         *Feb. 22 2008*

To the Honorable         *Henry H. Kennedy* Judge's Name

*If you do not wish to make a statement regarding this offense, please sign and date here and send us this form in the self addressed, stamped envelope.*

_____          *1/4/08*
**Signature**                      **Date**

{You can use this form as a guide or write your statement in letter form to the Judge.  Please include the identifying information listed above. Consider the following:}

How has this crime affected you and those close to you?

Has this crime affected your ability to perform your work, make a living, run a household, go to school, or enjoy any other activities you previously performed or enjoyed; if so, how?

If you wish, you may use this space to tell the Judge whatever you would like him/her to know about how it is to be a victim of a crime; or any other information you would like to share.

I would like Mr. Simpson to maximum penalty allowed by law. His actions have caused me and my family extreme mental and physical distress. In addition I have lost untold hours of time any movies to repair my credit.

Them To give me simpson a light sentence would be giving him and his associates a green light to continue in his illegal endeavors.

Thank you,

Mr. N. Ker

Do you have any reactions, feelings toward the criminal justice system; if so, explain?

Too lenient on convicted felons

Do you have a recommendation for sentencing?

Maximum Allowed by law.