AO 245B    (Rev. 06/05) (Rev. DC 12/15/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## for the District of Columbia

**FILED**

MAR 1 4 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| LESTER REVEL SIMPSON | Case Number:  07 CR 286 - (01) |
| | USM Number:  29132-016 |
| | WILLLIAM PURPURA |
| | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)    ONE (1) OF THE INFORMATION

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 1029(a)(2) and (2) | ACCESS DEVICE FRAUD | | 1 |

The defendant is sentenced as provided in pages 2 through ___11___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ is/are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

MARCH 5, 2008
Date of Imposition of Judgment

*/s/ Henry Kennedy, Jr.*
Signature of Judge

HENRY H. KENNEDY, JR.          U.S. DISTRICT JUDGE
Name of Judge                  Title of Judge

MARCH 10, 2008
Date

AO 245B    (Rev. 06/05) Judgment in Criminal Case
           Sheet 2 — Imprisonment

Judgment --- Page  2  of  11

DEFENDANT:  LESTER REVEL SIMPSON
CASE NUMBER:  07 CR 286 - (01)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**15 MONTHS**

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
  ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____ .
  ☐ as notified by the United States Marshal.
  ☑ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev 06/05) Judgment in a Criminal Case
         Sheet 3 — Supervised Release

DEFENDANT: LESTER REVEL SIMPSON
CASE NUMBER: 07 CR 286 - (01)

Judgment—Page 3 of 11

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

3 YEARS

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [ ] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev 06/05) Judgment in a Criminal Case
           Sheet 3A -- Supervised Release

DEFENDANT: LESTER REVEL SIMPSON
CASE NUMBER: 07 CR 286 - (01)

Judgment—Page __4__ of __11__

## ADDITIONAL SUPERVISED RELEASE TERMS

AFTER COMPLETION OF THE TERM OF IMPRISONMENT, THE DEFENDANT SHALL PAY RESTITUTION IN THE AMOUNT OF $40,258.00.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
         Sheet 5 — Criminal Monetary Penalties

Judgment — Page  5  of  11

DEFENDANT: LESTER REVEL SIMPSON
CASE NUMBER: 07 CR 286 - (01)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 100.00 | $ NO FINE | $ 40,258.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| CLERK OF THE COURT FOR THE |  | $40,258.00 | $200.00 / MONTH |
| U.S. DISTRICT COURT, DISTRICT OF COLUMBIA |  |  |  |
| (FOR DISBURSEMENT) |  |  |  |
| **TOTALS** | $ 0.00 | $ 40,258.00 |  |

☑ Restitution amount ordered pursuant to plea agreement  $ 40,258.00

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ the interest requirement is waived for the   ☐ fine  ☑ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B  (Rev. 06/05) Judgment in a Criminal Case
Sheet 5A — Criminal Monetary Penalties

Judgment—Page  6  of  11

DEFENDANT: LESTER REVEL SIMPSON
CASE NUMBER: 07 CR 286 - (01)

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

RESTITUTION IN THE AMOUNT OF $40,258.00 SHALL BE PAID AT A RATE OF $200.00 PER MONTH DURING THE TERM OF SUPERVISED RELEASE.

AO 245B    (Rev 06/05) Judgment in a Criminal Case
        Sheet 6 — Schedule of Payments

DEFENDANT: LESTER REVEL SIMPSON
CASE NUMBER: 07 CR 286 - (01)

Judgment — Page __7__ of __11__

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  ☐  Lump sum payment of $ _____ due immediately, balance due

       ☐ not later than _____ , or
       ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

**B**  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
                    FINAL ORDER OF FORFEITURE ATTACHED

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 07-286 (HHK) |
| | : | |
| v. | : | |
| | : | **FILED** |
| LESTER R. SIMPSON, | : | |
| | : | MAR 0 5 2008 |
| Defendant. | : | |
| | : | NANCY MAYER WHITTINGTON, CLERK |
| | | U.S DISTRICT COURT |

## FINAL ORDER OF FORFEITURE

WHEREAS, on November 13, 2007, defendant Lester R. Simpson entered a plea of guilty to a one-count Information charging him with fraud in connection with access devices, in violation of 18 U.S.C. § 1029(a)(2);

WHEREAS, in his plea agreement, the defendant expressly agreed and consented to the entry of an Order of Forfeiture, under Fed. R. Crim. P. 32.2, which concerns property subject to forfeiture, pursuant to 28 U.S.C. § 2461(c) and 18 U.S.C. § 981(a)(1)(C), as property constituting, or derived from proceeds obtained, directly or indirectly, as the result of his commission of access device fraud (or property subject to forfeiture as substitute property pursuant to 18 U.S.C. § 982(b)'s incorporation of 21 U.S.C. § 853(p));

WHEREAS, this Court has determined, based on the evidence set forth during the defendant's guilty plea, that the "Subject Properties" are subject to forfeiture pursuant to 28 U.S.C. § 2461(c)'s incorporation of 18 U.S.C. § 981(a)(1)(C), and that the Government has established the requisite nexus between the Subject Properties and the defendant's commission of access device fraud in violation of 18 U.S.C. § 1029(a); and

WHEREAS no third party has sought, pursuant to 21 U.S.C. § 853(n), to assert a legal interest in the Subject Properties, and to request a judicial determination of the validity of any

such legal interest in any of the Subject Properties;[1]

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. THAT the following Subject Properties are declared forfeited to the United States, pursuant to 28 U.S.C. § 2461(c) and 18 U.S.C. § 981(a)(1)(C):

PERSONAL PROPERTY:

1 black briefcase containing 1 magnetic stripe encoder
1 Dewalt 12" Circular Saw, Model# DW708, Serial# 88445
1 Homelite Weed eater, Model # UT20779, Serial # AF2612316
5 Outlet Switch Covers
2 Glass Knob Hardware Kits
1 pack of performance paint brushes
1 Shop Vac, Model# 405EDI
1 Rigid Wet/Dry Vac, Model# WD1635
3 boxes of rags
2 Curtain Rod Ends, Model#77092
2 Towel Racks, Model# 77135
1 Rigid Jigsaw, Model# R3120
1 Dewalt Heavy Duty Reciprocating Saw, Model# DW309
1 Dewalt Drywall Drill, Model# DW257
1 Skill Circular Saw, Model# 5400, Serial# H28408
4 cans of spray cleaning wash
1 Porter Nail Gun, Model# BN125A
1 Milwaukee 18volt Flashlight w/ Battery, Serial# B90310
1 Bosch Planar, Model#3365, Serial# 186130384
1 Homelite 14" Chainsaw, Model#UT10901A, Serial# AG0480265
1 Comfort Glow Gas Log Heater, Model# CHL3924PR, Serial# 014042901
2 Hampton Bay Lights, Model# 385219

---

[1] 21 U.S.C. §§ 853 and 881 incorporate into criminal forfeiture the civil procedural rules to the extent they are not inconsistent. Additionally, the Attorney General has also adopted the civil procedural Rules for criminal forfeiture as permitted by 21 U.S.C. § 853(n). Rule G of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, which sets forth civil forfeiture procedures, does not require notice of forfeiture by publication if the value of the property is less than $1,000, and all reasonably identifiable potential claimants have been directly notified. In this matter, none of the subject properties appear to be worth more than $1,000, and the defendant has notice of the forfeiture. Nonetheless, the government commenced publication of the instant forfeiture on the government's official website on February 28, 2008, and will inform the Court should a third party submit a claim

2

1 Hampton Bay Chandelier, Model# 324322
1 Ariens Snow blower, Model# 932036, Serial# 009961
1 Dewalt Table Saw, Model# DW744, Serial# 76731
1 Cordless Milwaukee Combo Tool Kit with a Radio (s/n 414B9024302767), Battery Charger, 6.5" Circular Saw (s/n 057A50327240), Saw Zaw (s/n 372A603241022)
26 packs of 12 wooden deck spindles, Model# N80CB
1 Stanley Nail Gun
1 Pack of Bruce Hardwood Flooring
1 Sharp 20" LCD Television, Model# MNLC-20E1UB
1 Privilege Thermo Card Printer, Serial# E11485
1 Pioneer Plasma Television, Model# MNPDP 4300
3 Recessed Emerald Lighting Fixtures
2 Hunter Studio Ceiling Fans, Model# 25734
2 Hunter Spot Lights, Model# 26108
2 Royce Lighting Lanterns, Model# RL165PB
1 Baldwin Entrance Handle Set
1 Madison Avenue Bath & Vanity Light, Model# MN05601
1 Sanus Flat Panel Television, Model# MNVM3S
1 Bel Air Chandelier
2 Philips 30" Widescreen Televisions, Model# MN30PW80H
1 Compaq Presario CPU, Serial # 1X08DTZG35KR
1 Compaq Presario CPU, Serial# CNC4261FP2
$875 in Genuine U.S. Currency
1 Wallet containing Altered Credit Cards, Business Cards, and an old DC Drivers License of Lester Simpson.
1 black Madison Coat, Style # 424743MY
1 Hewlett Packard Laptop # AMC20493
1 Sony Handicam w/ DVD, Serial 339581
1 Cannon Powershot Camera, Serial# 882211A159
2 Timberland Boots
1 Philips 23" Flat Screen Television, Serial# BZ1A0429802168
3 King Size Comforters
Misc. Clothing and Handbags
1 Dyson Vacuum Cleaner, Serial# 110USD72386
1 CP-200 Photo Printer, Serial# 6931309885
1 Sharp Camera, Serial# U306612642
1 Conair Hair Dryer
5 Packages of Cannon Printer Paper
1 Quisinart Blender

2. THAT all right, title, and interest to each of the aforementioned Subject Properties is hereby vested in the United States of America and the Subject Properties shall be disposed of in accordance with the law.

3. THAT the Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

4. THAT the Clerk of the Court is directed to forward a certified copy of this Order to the United States Marshals Service and to the Government's counsel of record.

Dated this 5th day of March, 2008.

HENRY H. KENNEDY
UNITED STATES DISTRICT JUDGE

4